# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:04-cr-0465-RLH-LRL |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion to Disregard Recommendation) |
| DANIEL ANDRES MORONES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the Court is a motion that constitutes a first for this Court. Defendant Morones has filed the most unusual **Motion to Disregard Judicial Recommendation Made to the Bureau of Prisons**. No response is necessary, but the Court will direct that the Motion be docketed with the Clerk of Court.

Defendant Morones contends that his counsel asked this Court to recommend to the Bureau of Prisons that he not be assigned to serve his sentence in California, hoping that he be permitted to serve his sentence in Oregon, closer to family. The sentencing (for violations of conditions of release) took place in 2008, in connection with the sentencing in another case. Defendant now complains that the failure to serve his sentence near Las Vegas, Nevada, and Long Beach, California, has done more harm than good in that family ties have been broken.

Apparently, he was sent to a facility within the District of Colorado (the facility remains nameless) and while there he is alleged to have committed other crimes resulting in his pending trials for various charges in two criminal cases there. He claims that had the Court not made the recommendation, he would not have ended up in Colorado and not committed the crimes with which he is charged there.

The Motion will be denied for the following reasons:

1. The judgment in this case, nor the companion case, reflects that such a recommendation was made. Assuming it was, Marones was told at the time that the Court can only make a recommendation. The ultimate decision as to where Marones would serve his time was the exclusive decision of the Bureau of Prisons.

2. There is no evidence that Defendant Marones was placed in the Colorado facility because of this Court's recommendation. It may have been because this was the facility for which Marones qualified and which had room to accommodate him and the fulfill the recommendation that he participate in drug treatment programs.

3. Now, three years after the purported recommendation took place and the placement made, it is far too late to withdraw any recommendation and withdrawing it would not change his place of incarceration, particularly if there are charges pending against him there. For the purposes of economy, he would remain there until the matters are resolved at any rate.

4. Withdrawing any recommendation after he has committed whatever acts resulted in the two cases against him in Colorado will not change the facts of those charges. If he has committed crimes in Colorado while in prison, there is no evidence to suggest that he would have not committed crimes elsewhere. To suggest that it is the Court's fault, for making the recommendation, that he got into trouble in Colorado, is disingenuous. Only he is responsible for his actions.

5. The Bureau of Prisons controls where he serves his time. It is beyond the power of this Court to affect that decision.

IT IS THEREFORE ORDERED that Defendant Marones' **Motion to Disregard Judicial Recommendation Made to the Bureau of Prisons** is DENIED.

Dated: March 23, 2011.

_____
Roger L. Hunt
Chief United States District Judge